UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OSCAR REYES, d/b/a )
  OSQUI SUPERMARKET, )
    Plaintiff )
 )
  v. )Civil No. 03-30295-KPN
 )
UNITED STATES OF AMERICA, )
    Defendant )

MOTION TO DISMISS

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, pursuant to Fed. R. Civ. P. 12(b)(1), moves to dismiss this action for lack of subject matter jurisdiction. A memorandum of law supporting this motion is attached.

In accordance with Local Rule 7.1, the undersigned Assistant U.S. Attorney certifies that she attempted unsuccessfully to reach the plaintiff's counsel to confer abut this motion.

WHEREFORE, the United States respectfully requests that the court dismiss the complaint.

UNITED STATES OF AMERICA

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

Dated: April 16, 2004        By: _____
                                 Karen L. Goodwin
                                 Assistant U.S. Attorney
                                 1550 Main street
                                 Springfield, MA 01103
                                 413-785-0235

CERTIFICATION

  This is to certify that a copy of the foregoing was mailed this date, postage prepaid to Michael J. Moriarty, Ducharme, Moriarty and Turcotte, 245 High Street, Holyoke, MA 01040.

              _____
              Karen L. Goodwin

```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


OSCAR REYES, d/b/a              )
  OSQUI SUPERMARKET,            )
        Plaintiff               )
                                )
        v.                      )Civil No. 03-30295-KPN
                                )
UNITED STATES OF AMERICA,       )
        Defendant               )
```

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, files this memorandum of law in support of its motion to dismiss the complaint for a lack of subject matter jurisdiction.

STATEMENT OF FACTS

The plaintiff brings this action for review of a decision by the United States Department of Agriculture, Food and Nutrition Service ("FNS"). The plaintiff was represented during the administrative process by Attorney Michael Moriarty. Ex. 1.

On or June 12, 2003, the FNS notified the plaintiff of its initial decision to disqualify his store from the food stamp program for three years. Ex. 2. The plaintiff, through counsel, sought administrative review of the decision. See Ex. 3. Following her review, the Administrative Review Officer notified the plaintiff's counsel of her final decision to impose an alternative civil money penalty.[1] The Administrative Review

---

[1] The letter attached to the plaintiff's complaint is not agency's final determination. Complaint, Ex. A.

Officer further notified the plaintiff's counsel that he could seek judicial review by filing a lawsuit "within 30 days of your receipt of this letter." Ex. 3. The plaintiff's counsel received the Administrative Review Officer's letter on October 30, 2003, as evidenced by the signed receipt and United States Postal Service tracking form. Ex. 4.

ARGUMENT

The court lacks subject matter jurisdiction to review the agency's decision because complaints for judicial review must be filed within 30 days after receipt of the agency's decision. 7 U.S.C. 2023(a). Section 2023(a) provides for administrative and judicial review of decisions disqualifying stores from participating in the food stamp program or subjecting stores to civil penalties. The statute provides that actions for judicial review must be filed "within thirty days after the date of delivery or service of the final notice of determination."

The time limit contained in Section 2023(a) is jurisdictional and must be strictly construed and enforced in favor of the United States. Shoulders v. United States Department of Agriculture, 878 F.2d 141, 144 (4th Cir. 1989). See also Henderson Fruit and Produce Company v. United States, 181 F.Supp.2d 566, 570 (E.D.N.C. 2001) (Section 2023(a) is a conditional waiver of sovereign immunity that requires compliance with the 30-day time limit); United States of America v. Lancman,

2

1998 WL 315346 (D. Minn. Jan. 20, 1998) (attached) (statutory time limit for review of disqualification from food stamp program is jurisdictional); <u>Mendez and DeJesus Grocery Store v. United States Department of Agriculture</u>, 1997 WL 250458 (S.D.N.Y. May 12, 1997) (attached) (court lacks subject matter jurisdiction to consider complaint for judicial review under Section 2023(a) because complaint filed beyond the 30-day statutory time limit); <u>Reason v. Heslin</u>, 723 F. Supp. 1309, 1311 (S.D. Ind. 1989) (complaint for judicial review under Section 2023(a) dismissed for lack of subject matter jurisdiction because it was filed two days late).

While the First Circuit has not addressed the 30-day time limit in Section 2023(a), it has held that statutory time limits for obtaining review of other agency actions are jurisdictional. For example, in <u>Zhang v. Immigration and Naturalization Service</u>, 348 F.3d 289, 292 (1st Cir. 2003), the court dismissed a petition for review of an immigration decision because it was filed outside the 30-day statutory time limit. The court noted that the "need to timely appeal is a strict jurisdictional requirement." <u>Id.</u>

Similarly, in <u>Londonderry Neighborhood Coalition v. Federal Energy Regulatory Commission</u>, 273 F.3d 416, (1st Cir. 2001), the court held that the 30-day time limit for seeking a rehearing before the Federal Energy Regulatory Commission was

3

jurisdictional and the plaintiff's failure to timely seek rehearing barred its complaint for judicial review.[2]  See also Howitt v. United States Department of Commerce, 897 F.2d 583, 584 (1st Cir. 1990) (30-day time limits for appealing agency action on attorney fee application is jurisdictional and cannot be waived).

Supreme Court precedent provides additional support for finding the 30-day limit jurisdictional.  Stone v. Immigration and Naturalization Service, 514 U.S. 386 (1995), addressed whether a timely motion for reconsideration tolled the running of the 90-day time limit for obtaining judicial review of a final deportation order.  In holding that the time limit was not tolled, the Court noted that "[j]udicial review provisions . . . are jurisdictional in nature and must be construed in strict fidelity to their terms."  Id. at 405.

In this case, the 30th day following the plaintiff's receipt of the agency's final decision was Saturday, November 29, 2003.  The next business day was Monday, December 1, 2003.  The complaint was not filed until December 2, 2003, a day after the expiration of the statutory time limit for seeking judicial

---

[2]While Londonderry dealt with a deadline for filing a request for administrative review, its reasoning applies with equal force to an action for judicial review.

4

review.  Therefore, the court lacks subject matter jurisdiction to review the agency's action and the complaint should be dismissed.

                          Respectfully submitted,

                          UNITED STATES OF AMERICA

                    By:  MICHAEL J. SULLIVAN
                         UNITED STATES ATTORNEY

Dated: April 16, 2004    By: _____
                               Karen L. Goodwin
                               Assistant U.S. Attorney
                               1550 Main Street
                               Springfield, MA 01103
                               413-785-0235

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed this date, postage prepaid to Michael J. Moriarty, Ducharme, Moriarty and Turcotte, 245 High Street, Holyoke, MA 01040.

                               _____
                               Karen L. Goodwin